In the Matter of the Application of SOPHIA A. DANIELS, Respondent, for the Appointment of a Temporary Guardian of the Person of JENNIE R. WILLETT, an Infant under Fourteen Years of Age.

MARTHA S. WILLETT and EDWARD S. WILLETT, Appellants.

*Infant under fourteen — appointment of a temporary guardian — residence of the infant.*

When the residence of an infant under fourteen years of age has been fixed, by the act of its parents, in another State, in which all its property is situated, the infant's residence cannot be changed in contemplation of law, after the death of its parents (except by a guardian), so as to make the infant a resident of a county in the State of New York, within the meaning of section 2827 of the Code of Civil Procedure in relation to the appointment of temporary guardians for infants under fourteen.

APPEAL by Martha S. Willett and Edward S. Willett from an order of the Surrogate's Court of Kings county, entered in the office of the surrogate on the 15th day of February, 1893.

*Michael J. Cardozo* and *Edgar J. Nathan*, for Martha S. and E. S. Willett, appellants.

*Wm. H. Arnoux*, for Sophia A. Daniels, respondent.

PRATT, J.:

This is an appeal from an order of the surrogate of Kings county, appointing the petitioner, Sophia A. Daniels, temporary guardian of the person of Jennie R. Willett, an infant, until said infant attains the age of fourteen years. The guardian so appointed is the maternal grandmother of the infant, and resides in the city of

Brooklyn. George W. Willett, the paternal grandfather of said infant, who resides in the city of New York, also made petition for the appointment of Mrs. Daniels as guardian. Martha S. Willett, the paternal grandmother, and Edward S. Willett, the paternal uncle, of said infant, who reside in the city of Bridgeport, Connecticut, opposed the appointment of a guardian of said infant. Both the father and mother of the infant were residents of Connecticut. The mother died on December 6, 1889; the father died on July 9, 1892. After the death of the mother the infant lived with her paternal grandmother, in Bridgeport, until May 24, 1892, when, by the father's direction, she went to her maternal uncle, Mr. Sandford, in Bridgeport, and lived in his family until September 22, 1892, when he caused her to be taken to Mrs. Daniels, in Brooklyn.

On September 22, 1892, the Probate Court at Bridgeport rejected the probate of the will of the infant's father, made April 14, 1892, on the ground that he was not of sound and disposing mind when he executed it. By that will Mr. Sandford was appointed sole guardian of the person and property of the infant. On September 26, 1892, Mrs. Daniels made her application in this matter. The infant had no property in the county of Kings, or indeed in this State; all her property was in Connecticut. Until sent here by her uncle she had resided in Connecticut. She was living in the family of her uncle, and the father by his will had attempted to appoint him her guardian, but the Probate Court in Connecticut rejected the will, and the uncle had no power or right thereafter except to deliver her to some person legally authorized to receive her. No person at that time was authorized to receive her. No guardian of her person had been appointed, and it was, therefore, his duty to retain and care for the child until some court having jurisdiction should make an order with respect to her. Instead of doing that, as soon as the will appointing him guardian was rejected, he at once sent the child outside the jurisdiction of the courts of Connecticut, to her maternal grandmother in Brooklyn, although equally near relatives were then living in Bridgeport. His object in doing so is apparent. He did not wish the courts of Connecticut to appoint a guardian of the person of this infant, who had always resided and all of whose property was in Connecticut. It seems to us that this was merely a change of locality of the infant, made by one who did not under

the circumstances have the right to do even that; and that such change did not make the infant a resident of Kings county within the meaning of section 2827 of the Code. The infant's residence was in Connecticut, fixed there by act of her parent, and could not be changed in contemplation of law except by a guardian.

The order appealed from should be reversed and the proceedings dismissed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Order appointing guardian of Sophia Daniels reversed and the proceedings dismissed.