In the Matter of the Adoption of ANONYMOUS.

Surrogate's Court, Suffolk County, August 23, 1955.

*Weismann & Meyer* for petitioners.

HAZLETON, S. The application for adoption herein requires consideration of section 111 of the Domestic Relations Law with respect to the consent to adoption which is required where a foster child is an orphan. The petition states that the parents of the minor child are deceased and that the child's paternal grandmother had surrendered custody to the adoptive parents, the petitioners. The grandmother joins in the agreement of adoption which is proffered.

Subdivision 4 of section 111, which requires the consent " Of any person or authorized agency having lawful custody of the foster child ", has been held to exclude adoption in cases where a person or agency does not have lawful custody. (*Matter of Mendelsohn,* 180 Misc. 147.) In view of the strict construction of the adoption statutes which has been uniformly required by the foregoing and numerous other cases, this court adheres to that view.

The cases deny the incidents of natural guardianship to grandparents even where both parents are dead. In *Matter of Daniels* (71 Hun 195, 197), it was held that the residence of the infant after the death of the parents could not be changed in contemplation of law except by a guardian, and that a grandparent did not " have the right to do even that ". In *People ex rel. Marabottini* v. *Farr* (186 Misc. 811, 817), Judge PERSONIUS took the position that an adoption consented to by paternal grandparents, one of whom was guardian of the property of the infant, might be attacked collaterally in a habeas corpus proceeding for the reason " that in fact said infant had no lawful custodian ". The court also held that the section of the Domestic Relations Law under consideration required the consent of a lawful custodian. In the *Mendelsohn* case (*supra*), Surrogate MILLARD, following the two above cases, stated (pp. 151–152) : " There being no guardian of the person, general or testamentary, consenting to the proposed adoption, I am compelled, as a matter of law, to deny the application."

In view of the foregoing, the proposed adoption will be held in abeyance pending the filing of the consent of a general or testamentary guardian of the person of the infant or the consent of some other person or agency having lawful custody of the foster child.

Proceed accordingly.